IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MONTE ALBERT, *individually and as next friend of Minor Child M.A.*,<br>*Plaintiff*<br><br>v.<br><br>PFLUGERVILLE INDEPENDENT SCHOOL DISTRICT and KEN PAXTON, *in his official capacity as Attorney General of Texas*,<br>*Defendants* | No. 1:25-CV-01379-RP-SH |

## ORDER

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and Motion for Permission to File Electronically, (Dkt. 4), both filed August 28, 2025. The District Court referred this case to this Magistrate Judge pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the District Court's Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 5.

### I. Background

Plaintiff Monte Albert, a resident of Pflugerville, Texas, brings this suit on behalf of himself and his minor child, M.A., against Defendants the Pflugerville Independent School District and Attorney General of Texas Ken Paxton. Plaintiff, who is proceeding *pro se*, challenges the constitutionality of Texas Senate Bill 10, codified at Texas Education Code § 1.0041, which requires display of the Ten Commandments in all Texas public school classrooms. He requests an award of costs and reasonable attorney's fees if later represented by counsel, but no other monetary relief. Plaintiff also asks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1).

1

## II.     Application to Proceed *In Forma Pauperis*

Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

After reviewing Plaintiff's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** his application for *in forma pauperis* status. Plaintiff is advised that *in forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is also advised that although he has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## III.     Review Under Section 1915(e)(2)(B)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2)(B). A court may summarily dismiss or partly dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to state a claim under § 1915(e)(2)(B) "when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff alleges that Section 1.0041 of the Texas Education Code violates the Establishment Clause of the First Amendment and seeks an injunction prohibiting its enforcement in the Pflugerville Independent School District. "The First Amendment, as made applicable to the states by the Fourteenth Amendment, commands that a state 'shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.'" *Everson v. Bd. of Ed. of Ewing Twp.*, 330 U.S. 1, 8 (1947) (quoting U.S. CONST. amend. I).

Challenges similar to Plaintiff's have been successful. In *Stone v. Graham*, 449 U.S. 39, 41 (1980), the Supreme Court struck down a Kentucky statute requiring that the Ten Commandments be displayed all public classrooms because it had "no secular legislative purpose." In *Roake v. Brumley*, 141 F.4th 614, 626 (5th Cir. 2025), parents alleged a viable First Amendment claim when they challenged a Louisiana statute requiring public schools to display the Ten Commandments in all classrooms. Most recently, on August 20, 2025, the Honorable Fred Biery held that parents adequately pled a First Amendment challenge to Texas Senate Bill 10 and enjoined its enforcement in eleven school districts. *Nathan v. Alamo Heights Indep. Sch. Dist.*, No. SA-25-CV-00756-FB, 2025 WL 2417589 (W.D. Tex. Aug. 20, 2025). Accordingly, this Magistrate Judge does not recommend that the District Court dismiss this case under 28 U.S.C. § 1915(e)(2)(B).

## IV. Conclusion

The Court:

1. **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1);

2. **ORDERS** the Clerk to issue summons;

3. **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee; and

4. **GRANTS** Plaintiff's Moton for Permission to File Electronically (Dkt. 4).

The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on September 3, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE